# IN THE COURT OF APPEALS OF IOWA

No. 18-2093
Filed April 29, 2020

**MICHAEL LOTHAR MAYTON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

Michael Mayton appeals the district court denial of his application for postconviction relief. **AFFIRMED.**

Chris Raker of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

Michael Mayton appeals the district court order denying his application for postconviction relief, arguing his trial counsel was ineffective by not giving an opening statement. We conclude Mayton failed to prove his trial counsel was ineffective and affirm the district court order.

## I. Background Facts and Proceedings.

In 2009, Mayton was charged with first-degree murder, attempted murder, assault causing serious injury, and going armed with intent after it was alleged he fatally stabbed one person and seriously injured another. Mayton pled not guilty, and the case proceeded to a jury trial.

At trial, after the State gave its opening statement, the court asked Mayton's counsel if he wished to make an opening statement. Defense counsel responded, "No, Your Honor. We would at this time reserve our right to give an opening statement at the close of the State's evidence."

Then at the close of the State's evidence, the court took a brief recess. After the recess, the court stated, "Members of the jury, the State has just rested and . . . upon agreement between the parties, the Defendant will now commence his direct examination of this witness." Mayton's counsel then began questioning the first defense witness, who happened to be the State's final witness. Neither counsel nor the court mentioned the lack of an opening statement. The trial continued, and eventually the case went to the jury.

The jury found Mayton guilty of second-degree murder and assault causing serious injury. He was sentenced to fifty-five years in prison. Mayton appealed,

and the Iowa Court of Appeals affirmed his conviction. *See State v. Mayton*, No. 10-1843, 2012 WL 163047, at * 4–5 (Iowa Ct. App. Jan. 19, 2012).

In May 2012, after the direct appeal, Mayton applied for postconviction relief. The application was dismissed for lack of prosecution in January 2014. *See* Iowa R. Civ. P. 1.944. But Mayton filed a motion to reinstate the case, which was granted. The district court held a trial on the application in September 2018.

After considering all the evidence, the district court denied Mayton's postconviction application. Mayton appeals.

## II. Standard of Review.

We generally review postconviction-relief proceedings "for correction of errors at law." *Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018). That said, Mayton raises an ineffective-assistance-of-counsel claim, which we review de novo. *See id.*

## III. Analysis.

Mayton's only claim on appeal is that his trial counsel was ineffective by telling the court, in front of the jury, that he was reserving any opening statement until after the State presented its case and then failing to give an opening statement. He also complains counsel failed to inform him of the waiver of the opening statement.

"In order to support a claim of ineffective assistance of counsel, a defendant must show (1) that counsel failed to perform and essential duty and (2) that prejudice resulted." *State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020); *see also Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "The crux of the prejudice component rests on whether the defendant has shown 'that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Kuhse*, 937 N.W.2d at 628 (quoting *Strickland*, 466 U.S. at 694). "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

Focusing on Mayton's failure to show prejudice, we note in the direct appeal of his conviction, a different panel of this court found "overwhelming evidence in support of the findings of guilt on the two crimes on which judgment was entered." *Mayton*, 2012 WL 163047, at *4. In the order denying Mayton's postconviction-relief application, the district court put it simply: "Mayton presented no evidence or argument as to what [defense counsel] might have said in an opening statement that would have affected the outcome of the case in light of the overwhelming evidence presented during the trial." Now on appeal, Mayton acknowledges that proving prejudice here is "difficult" and again fails to establish a reasonable probability of a different outcome if counsel had given an opening statement. We agree with the district court that Mayton has failed to establish prejudice. For that reason, we need not delve more into whether his counsel failed to perform an essential duty.

**IV. Disposition.**

We affirm the district court order denying Mayton's application for postconviction relief.

**AFFIRMED.**